1
2
3
4
5
6           IN THE UNITED STATES DISTRICT COURT
7             FOR THE DISTRICT OF ARIZONA
8
9   Dale Faulkner,                    )   CV-07-1822-PHX-JAT (LOA)
                                       )
10           Petitioner,               )   **REPORT AND RECOMMENDATION**
                                       )
11  vs.                                )
                                       )
12  Dora B. Schriro, et al.,           )
                                       )
13           Respondents.              )
                                       )
14  _____ )

15          This matter arises on Petitioner's Petition for Writ of Habeas Corpus by a Person

16  in State Custody pursuant to 28 U.S.C. § 2254.  (docket # 1)  Respondents have filed an

17  Answer asserting that the Petition should be dismissed as untimely. Respondents

18  alternatively assert that Petitioner's claims are procedurally barred or fail as too vague to

19  merit relief.   Petitioner has filed a Reply disputing Respondents' assertion of the time bar.

20  (docket # 11)  For the reasons set forth below, the Petition should be dismissed as untimely

21  and, therefore, the Court does not reach Respondents' alternative arguments.

22  **I.  Procedural Background**

23          **A. Charges, Trial, and Sentencing**

24          On June 29, 1990, the State of Arizona charged Petitioner with five counts of

25  child molestation and two counts of sexual conduct with a minor, all class 2 felonies and

26  dangerous crimes against children.  (Respondents' Exh. A at 1) Petitioner's case proceeded

27
28

1   to trial[1], but ended in a mistrial when the jury could not reach a verdict.  (Respondents' Exh.

2   A at 96)  Petitioner and that State subsequently entered into a plea agreement whereby

3   Petitioner agreed to plead guilty to three counts of attempted molestation of a child, class 3

4   felonies and dangerous crimes against children.  (Respondents' Exh. A at 115, 116) On July

5   29, 1991, the trial court accepted the plea.  (Respondents' Exh. B, Respondents' Exh. A at

6   115, 116) On September 12, 1991, the trial court found aggravating factors and sentenced

7   Petitioner to an aggravated term of 12 years imprisonment on the attempted child

8   molestation counts, to run consecutively.  (Respondents' Exh. C, Tr. 9/12/91 at 22-25) The

9   trial court suspended imposition of the sentence on the third count, and placed Petitioner on

10  lifetime probation, to begin after he finished serving his two prison sentences.

11  (Respondents' Exh. C, Tr. 9/12/91 at 25-27)

12              **B.  Direct Appeal**

13              On September 23, 1991, Petitioner filed a timely notice of appeal.  (Respondents'

14  Exh. A at 128) Petitioner's opening brief raised a single issue: that he received insufficient

15  pre-sentence incarceration credit against his sentences.  (Respondents' Exh. D)  On February

16  13, 1992, the Arizona Court of Appeals granted Petitioner an additional 83 days of pre-

17  sentence incarceration credit and otherwise affirmed Petitioner's convictions and sentences.

18  (Respondents' Exh. E)  Petitioner did not seek review with the Arizona Supreme Court and

19  the mandate issued on March 23, 1992.  (Respondents' Exh. F)

20              **C.  First Post-Conviction Proceeding**

21              On or about January 2, 2002[2], Petitioner filed a notice of post-conviction relief

22  pursuant to Ariz.R.Crim. P. 32 claiming sentencing error based on a subsequent amendment

23  to A.R.S. § 13-604.  (Respondents' Exh. A at 145) On February 8, 2002, the trial court

24  _____

25          [1]  The Honorable Gregory H. Martin presided.

26          [2]  Although the file stamp on the document indicates a filing date of January of 2001,
    Petitioner's notarized signature is dated "02 January 2002."  (Respondents' Exh. A at 145, p.
27  4) Moreover, the clerk's index reflects a January 18, 2002 filing date. (Respondents' Exh. A,
    Index, p. 7)
28

1    dismissed the  petition for failure to state a colorable claim, noting that Arizona law requires

2    that a defendant be sentenced under the law existing when he committed the crime.

3    (Respondents' Exh. A at 147)  Petitioner did not seek appellate review of the trial court's

4    order of dismissal.  (Respondents' Exh. A, Index, p. 7)

5                    **D.  Second Post-Conviction Proceeding**

6              On May 13, 2005, Petitioner filed another notice of post-conviction relief

7    pursuant to Ariz.R.Crim.P. 32 alleging that his sentences were unconstitutional under

8    *Blakely v. Washington*, 542 U.S. 296 (2004), and related opinions, because they were based

9    on facts neither admitted by Petitioner nor found by a jury. (Respondents' Exh. A at 148,

10   150)  Petitioner further argued that his guilty pleas were not voluntarily or intelligently made

11   because he was not informed of his right to a jury trial regarding aggravating factors that

12   might affect his sentencing.  (Respondents' Exh. A at 150, pp. 2, 11, 17) Petitioner also

13   attacked the imposition of consecutive sentences, the aggravating factors, and the trial

14   court's weighing of mitigating circumstances.  (Respondents' Exh. A at 150, pp. 14-16, 23)

15             On June 14, 2005, the trial court denied relief.  The court noted that *Blakely* does

16   not apply retroactively to convictions that were final before that opinion was issued in 2004

17   and found that Petitioner's convictions and sentences were final in 1992.  (Respondents'

18   Exh. A, at 151, pp. 1-2) The court further ruled that Petitioner's other claims of error were

19   precluded under Ariz.R.Crim.P. 32.2(a), because they either were or should have been raised

20   on direct review.  (Respondents' Exh. A, at 151 at 2)

21             On July 5, 2005, Petitioner filed a petition for review of the trial court's order

22   dismissing his Rule 32 petition with the Arizona Court of Appeals.  (Respondents' Exh. G)

23   Although Petitioner raised eleven issues, he primarily argued that he was entitled to relief

24   under *Blakely*.  (Respondents' Exh. G at 6)  On June 19, 2006, the Arizona Court of Appeals

25   summarily denied review.  (Respondents' Exh. H)  On or about July 6, 2006, Petitioner filed

26   a petition for review with the Arizona Supreme Court (Respondents' Exh. I) which was

27   summarily denied on January 5, 2007.  (Respondents' Exh. J)

28

**E.  Petition for Writ of Habeas Corpus**

Thereafter, on September 24, 2007, Petitioner filed the pending Petition for Writ of Habeas Corpus alleging violations of the Sixth, Fourteenth, and Fifteenth Amendments when the State "broke" the plea agreement.  (docket # 1 at 6)  Respondents assert that the Petition is untimely.  Petitioner contends that his untimeliness should be excused in view of *Blakely*.

**II.  Statute of Limitations**

The Anti-Terrorism and Effective Death Penalty Act ("AEDPA") of 1996 established a one year statute of limitations for filing a federal petition for writ of habeas corpus.  28 U.S.C. § 2244(d)(1).  Because Petitioner filed his Petition after the effective date of the AEDPA, it governs this action.  *Lindh v. Murphy*, 521 U.S. 320, 327 (1997).  The statute of limitations is a threshold issue the Court must resolve before reaching other procedural issues or the merits of Petitioner's claims.  *White v. Klitzkie*, 283 F.3d 920, 921-22 (9th Cir. 2002).

**A. Commencement of Limitations Period**

On April 24, 1996, the Anti-Terrorism and Effective Death Penalty Act ("AEDPA") went into effect drastically altering the time limit imposed on state prisoners filing habeas corpus petitions in federal court.  Before the AEDPA, virtually no time limit restrained the filing of federal habeas petitions.  *Calderon v. United States Dist. Court*, 128 F.3d 1283, 1286 (9th Cir. 1997) (*Beeler*), *cert. denied*, 523 U.S. 1, and *cert. denied*, 523 U.S. 1061 (1998), *overruled in part on other grounds by Calderon v. United States District Court (Kelly)*, 163 F.3d 530, *cert. denied*, 119 S.Ct. 1377 (1999).  The AEDPA, however, established a one-year period in which to file a petition for writ of habeas corpus in federal court.  28 U.S.C. § 2244(d)(1).  Because Petitioner filed his Petition after the effective date of the AEDPA, it governs this action. The AEDPA's one-year limitations period runs from the latest of:

> (A) the date on which the judgment became final by the conclusion of direct review or the expiration of the time for seeking such review;

(B) the date on which the impediment to filing an application created by State action in violation of the Constitution or the laws of the United States is removed, if the applicant was prevented from filing by such State action;

(C) the date on which the constitutional right asserted was initially recognized by the Supreme Court, if the right has been newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review; or

(D) the date on which the factual predicate of the claim or claims presented could have been discovered through the exercise of due diligence.

28 U.S.C. § 2244(d)(1).  Generally, subsection (A) applies and AEDPA's one-year limitations period runs from "the date on which the judgment became final by the conclusion of direct review or the expiration of the time for seeking such review."  28 U.S.C. § 2244(d)(1)(A).  In Arizona, a direct appeal is final upon the expiration of the time for seeking direct review of the Court of Appeals' decision in the Arizona Supreme Court, rather than upon the issuance of the mandate.  *Hemmerle v. Schriro*, 495 F.3d 1609, 1073-74 (9th Cir. 2007).  An Arizona litigant must file a petition for review by the Arizona Supreme Court within 30 days after the Arizona Court of Appeals files its decision.  Ariz.R.Crim.P. 31.19.

Here, Petitioner's convictions became final 30 days after February 13, 1992, when the Arizona Court of Appeals' issued its decision affirming his convictions and sentences, as modified.  (Respondents' Exh. D) Accordingly, his state judgment became final on March 16, 1992.

State prisoners, like Petitioner, whose convictions became final before the 1996 enactment of the AEDPA, had a one-year grace period in which to file a habeas corpus petition in federal court.  In *Patterson v. Stewart*, 251 F.3d 1243, 1246 (9th Cir. 2001), the Ninth Circuit held that "AEDPA's one-year grace period for challenging convictions finalized before AEDPA's enactment date is governed by Rule 6(a)[3] and ended on April 24, 1997 in the absence of statutory tolling."  *Id.*  Thus, in this case, the AEDPA grace period

---

[3]Federal Rule of Civil Procedure 6(a) provides: "in computing any time period specified in these rules or in any local rule, court order, or statute . . . [e]xclude the day of the act, event, or default that begins the period."  *Id.*

1   expired on April 24, 1997.  *Id.*   Because Petitioner did not file the pending Petition until
2   September 24, 2007, more than ten years after the limitations period expired, it is untimely
3   unless 28 U.S.C. § 2244(d)(1)(B), (C), or (D) operate to delay the commencement of the
4   statute of limitations or tolling applies.

5   **B.  Delayed Start of Limitations Period**

6          Liberally construing the Reply, Petitioner argues that § 2244(d)(1)(C) applies
7   and that the limitations period should not commence until the Supreme Court issued *Blakely*
8   in 2004.  (docket # 11)  The Court notes that nothing in the record supports an application of
9   subsection (B) or (D).  However, the Court will consider whether subsection (C) applies.
10  Section 2244(d)(1)(C) provides that the limitations period commences on "the date on which
11  the constitutional right asserted was initially recognized by the Supreme Court, if the right
12  has been newly recognized by the Supreme Court and made retroactively applicable to cases
13  on collateral review."  *Id.*  The Supreme Court issued *Blakely v. Washington*, 542 U.S. 296
14  (2004) more than a decade after Petitioner's conviction became final in 1992.

15         While *Blakely* recognizes a new rule of criminal procedure, the Supreme Court
16  has not made that rule retroactively applicable to cases on collateral review.  A Supreme
17  Court decision does not have retroactive effect unless the Court so holds.  *Tyler v. Cain*, 533
18  U.S. 656, 663 (2001)(stating that "[w]e thus conclude that a new rule is not 'made
19  retroactive to cases on collateral review' unless the Supreme Court holds it to be
20  retroactive.") Indeed, the Supreme Court has held that the new rule announced in *Apprendi*
21  *v. New Jersey*, 530 U.S. 466 (2000), upon which *Blakely* was based, does not apply
22  retroactively.  *Schriro v. Summerlin*, 542 U.S. 348, 358 (2004); *Schardt v. Payne*, 414 F.3d
23  1025, 1038 (9th Cir. 2005)(holding that "the Supreme Court announced a new rule in
24  *Blakely v. Washington* that does not apply retroactively to a conviction that was final before
25  that decision was announced" and thus "the state court's sentencing decision cannot be
26  challenged in a petition for habeas corpus."); *Cook v. United States*, 386 F.3d 949, 950 (9th
27  Cir. 2004)(noting that "the Supreme Court has not made *Blakely* retroactive to cases on
28  collateral review."); *United States v. Sanchez-Cervantes*, 282 F.3d 664, 673 (9th Cir.

2002)(*Apprendi* does not apply retroactively to cases on collateral review.); *Cooper-Smith v. Palmateer*, 397 F.3d 1236, 1246 (9th Cir. 2005 )(finding that "*Summerlin* does not undermine the reasoning of *Sanchez-Cervantes*.") Because *Blakely* has not been made retroactive on collateral review, § 2244(d)(1)(C) does not apply.   Thus, Petitioner's petition is untimely absent tolling.

### C. Tolling the Limitations Period

### 1. Statutory Tolling

The AEDPA one-year limitations period is tolled during the time that a "properly filed application for State post-conviction or other collateral review with respect to the pertinent judgment or claim is pending."  28 U.S.C. § 2244(d)(2); *Nino v. Galaza*, 183 F.3d 1003, 1006 (9th Cir. 1999)(stating that an application for collateral review is pending in State court for "all the time during which a state prisoner is attempting, through proper use of state court procedures, to exhaust state remedies with regard to particular post-conviction proceedings.")  This time period includes the intervals between the disposition of an appeal or post-conviction petition and the filing of an appeal or successive petition at the next state appellate level.  *Nino*, 183 F.3d at 1006.  However, the ADEPA limitations period is "not tolled from the time a final decision issued on a state direct appeal and the time the first state collateral challenge is filed because there is no case pending during that interval." *Nino*, 183 F.3d at 1006.  *See also*, *Curtiss v. Mt. Pleasant Correctional Facility*, 338 F.3d 851, 854 (8th Cir. 2003)(no tolling during the time between the completion of direct review and the initiation of post-conviction proceedings).

Statutory tolling does not save the Petition.  Petitioner did not file his first notice of post-conviction relief until January 2, 2002, more than five years after the AEDPA limitation period had expired.  Once the AEDPA limitations period expires, a subsequently filed petition for post-conviction relief cannot restart the statute of limitations.  *Jiminez v. Rice*, 276 F.3d 478, 482 (9th Cir. 2001).  Section 2244(d)(2) cannot "revive 'the limitation period (i.e. restart the clock to zero); it can only serve to pause a clock that has not yet fully run.  Once the limitation period is expired, collateral petitions can no longer serve to avoid a

1  statute of limitation.'"  *Johnson v. Galaza*, No. C 00-0450 CRB (PR), 2001 WL 125312, * 1

2  (N.D.Ca., Feb. 7, 2001)(quoting *Rashia v. Kuhlman*, 991 F.Supp. 254, 259 (S.D.N.Y.

3  1998)).  *See also*, *Ferguson v. Palmateer*, 321 F.3d 820, 823 (9th Cir. 2003)(holding that

4  "section 2244(d) does not permit reinitiation of the limitations period that has ended before

5  the state petition was filed.").

6         Likewise, Petitioner's second notice of post-conviction relief, filed on May 13,

7  2005, does not toll the already-expired limitation period. *Ferguson*, 321 F.3d at 823.

8         Because statutory tolling is unavailable, the AEDPA limitations period expired

9  on April 24, 1997.  Petitioner did not file his pending § 2254 petition until September 24,

10  2007, over ten years after the AEDPA limitations period expired.  Accordingly, the pending

11  Petition should be dismissed as untimely unless equitable tolling applies.

12         **2. Equitable Tolling**

13         *a. Bowles v. Russell*

14         Respondents argue that in view of the Supreme Court's recent decision in *Bowles*

15  *v. Russell*, ___ U.S. ___ , 127 S.Ct. 2360 (2007), the AEDPA statute of limitations is

16  jurisdictional and not subject to equitable tolling.  In *Bowles*, Supreme Court held that the

17  timely filing of an appeal in a civil case is a jurisdictional requirement.  *Id.* at 2366.  The

18  *Bowles* Court reasoned that because federal statutes set forth time limits on filing a notice of

19  appeal and reopening the appeal period, Congress intended to preclude a court from

20  exercising jurisdiction over otherwise legitimate cases after a ceratin period of time had

21  elapsed after final judgment.  *Id.*

22         Similar to the federal statutes at issue in *Bowles*, the AEDPA establishes time

23  limits on when a petitioner may file a petition for writ of habeas corpus.  28 U.S.C.§

24  2244(d)(1).  On two occasions, the Supreme Court has denied certiorari on the issue of

25  whether these limits are jurisdictional.  *See David v. Hall*, 540 U.S. 815 (2003); *Flanders v.*

26  *Graves*, 537 U.S. 1236 (2003).  The Supreme Court has noted that it has never squarely

27  addressed whether equitable tolling applies to the AEDPA's statute of limitations.

28  *Lawrence* v. *Florida*, ___ U.S. ___, 127 S.Ct. 1079, 1085 (2007). Accordingly, whether the

1   AEDPA is subject to equitable tolling remains an open question.  However, a recent decision

2   in the District of Arizona followed the Second Circuit in holding that *Bowles* does not apply

3   to the AEDPA.  *Hernandez v. Arpaio*, CV-07-1712-PHX-DGC, 2008 WL 370900, * 2

4   (D.Ariz., Feb. 11, 2008)(citing *Diaz v. Kelly*, No. 1-2687-RR, 2008 WL 199846, * 3)(2d

5   Cir., Jan. 25, 2008).  Although the Court is inclined to follow *Hernandez* and hold that

6   *Bowles* does not apply to the AEDPA, the Court need not resolve that issue because even

7   assuming equitable tolling remains viable after *Bowles*, as Respondents alternatively argue,

8   Petitioner does not satisfy the requirements for such tolling.

9      *b.  Equitable Tolling Analysis*

10     The Ninth Circuit has held that the AEDPA's limitations period may be equitably

11   tolled because it is a statute of limitations, not a jurisdictional bar.  *Calderon v. United States*

12   *Dist. Ct. (Beeler)*, 128 F.3d 1283, 1288 (9th Cir. 1997), *overruled, in part, on other grounds*

13   *by*, *Calderon v. United States Dist. Ct. (Kelly)* 163 F.3d 530, 540 (9th Cir. 1998).

14     The Supreme Court has avoided deciding whether the AEDPA's statute of

15   limitations may be equitably tolled.  *Pace v. DiGuglielmo*, 544 U.S. 408, 418 (2005).

16   However, because the parties in *Pace* had argued on the basis that it could, the Court

17   assumed that equitable tolling applies and observed that a petitioner seeking equitable tolling

18   must show: "(1) that he has been pursuing his rights diligently, and (2) that some

19   extraordinary circumstance stood in his way."  *Pace*, 544 U.S. at 418.

20     Petitioner does not assert any basis for equitable tolling.  Petitioner's lack of

21   familiarity with the law and lack of legal assistance do not constitute extraordinary

22   circumstances sufficient to toll the limitations period.  *Rasberry v. Garcia*, 448 F.3d 1150,

23   1154 (9th Cir. 2006)(affirming denial of equitable tolling because neither the district court's

24   failure to advise the petitioner of the right to amend his petition to include unexhausted

25   claims nor petitioner's inability to correctly calculate the limitations period were

26   extraordinary circumstances warranting equitable tolling); *Ballesteros v. Schriro*, CV-06-

27   675-EHC (MEA), 2007 WL 666927 (D.Ariz., February 26, 2007)(noting that a petitioner's

28   *pro se* status, ignorance of the law, lack of representation during the applicable filing period,

1   and temporary incapacity do not constitute extraordinary circumstances)(citing *Fisher v.*

2   *Johnson*, 174 F.3d 170, 714-15 (5th Cir. 1999); *Shoemate v. Norris*, 390 F.3d 595, 598 (8th

3   Cir. 2004)(holding that petitioner's misunderstanding of state's "rules, statutes, and the time

4   period set forth therein do not justify equitable tolling.").  "[I]t is well established that

5   'ignorance of the law, even for an incarcerated *pro se* petitioner, generally does not excuse

6   prompt filing.'" *Marsh v. Soares*, 223 F.3d 1217, 1220 (10th Cir. 2000)(quoting *Fisher v.*

7   *Johnson*, 174 F.3d 710, 714 (9th Cir. 1999)).  *See also*, *Hughes v. Idaho State Board of*

8   *Corrections*, 800 F.2d 905, 909 (9th Cir. 1986)(finding that a *pro se* prisoner's illiteracy was

9   not sufficient to satisfy the standard of an objective, external factor amounting to "cause" for

10  purposes of avoiding the procedural bar on his habeas claim).

11          Likewise, Petitioner's status as a prison inmate does not constitute an

12  extraordinary circumstance beyond his control warranting the tolling of the one-year

13  limitations period.  *Marsh*, 223 F.3d at 1220.  The ordinary difficulties inherent in prison life

14  do not constitute extraordinary circumstances sufficient to toll the AEDPA limitations

15  period.  *Shannon v. Newland*, 410 F.3d 1083, 1090 (9th Cir. 2005)(stating that "[e]ach of the

16  cases in which equitable tolling has been applied have involved wrongful conduct, either by

17  state officials or occasionally, by the petitioner's counsel.").

18          Even if Petitioner demonstrated extraordinary circumstances, equitable tolling is

19  not available because he has not met his burden of showing that he has been pursuing his

20  rights diligently. *Pace,* 544 U.S. at 418; *Espinoza-Matthews v. California*, 432 F.3d 1021,

21  1026 (9th Cir. 2005)(stating that petitioner bears the burden of demonstrating grounds for

22  equitable tolling); *Miranda v. Castro*, 292 F.3d 1063, 1065 (9th Cir. 1992).  It is only when

23  external forces, rather than a petitioner's lack of diligence, account for the failure to file a

24  timely habeas petition that equitable tolling may be appropriate.  *Miles v. Prunty*, 187 F.3d

25  1104, 1107 (9th Cir. 1999).  Equitable tolling is not permissible if the claimant has failed to

26  exercise due diligence in preserving his legal rights.  *Pace*, 544 U.S. at 418.

27          In *Pace*, the Supreme Court noted that although Petitioner's claims were

28  available in 1986 and 1991, he "waited years without any valid justification" to assert those

- 10 -

1   claims in an untimely state petition. *Pace*, 544 U.S. at 418.  Because Petitioner sat "on his

2   rights for years before he filed his [state] petitioner" and "also sat on them for five more

3   months after his [state] proceedings became final before deciding to seek relief in federal

4   court, the Court concluded that Petitioner's lack of diligence precluded equitable relief.  *Id.*

5          Similar to *Pace*, Petitioner is not entitled to equitable tolling on any basis

6   because he failed to exercise diligence in pursuing his claims. *Pace*, 544 U.S. at 418. *See*

7   *also*, *Johnson v. United States*, 544 U.S. 295, 311 (2005)(finding that petitioner did not

8   diligently pursue his claims where he did not commence state post-conviction proceedings

9   until three years after judgment was entered and 21 months after the AEDPA's effective

10  date); *Guillory v. Roe*, 329 F.3d 1015, 1018 (9th Cir. 2003)(finding that petitioner was not

11  entitled to equitable tolling due to his lack of diligence); *Johnson v. McCaughtry*, 265 F.3d

12  559, 565-66 (7th Cir. 2001)(holding that petitioner did not exercise diligence because he had

13  no motions or cases pending in state or federal court during three intervals totaling 364

14  days); *Delaney v. Matesanz*, 264 F.3d 7, 14 (1st Cir. 2001)(finding no equitable tolling

15  where petitioner waited over two years after his conviction became final (and ten months

16  after the AEDPA's effective date) to file his first habeas petition).

17         Petitioner's direct appeal was dismissed in 1992 and Petitioner did not seek

18  further review.  The AEDPA was enacted in 1996.  Petitioner's case lay dormant for nearly

19  ten years after the conclusion of his direct appeal, or for over five years after the AEDPA

20  was enacted until he filed his first notice of post-conviction relief in 2002.  (Respondents'

21  Exh. A, at 145) After Petitioner's first post-conviction proceedings were dismissed on

22  February 8, 2002, Petitioner did not seek review in the Arizona Court of Appeals.  His case

23  again lay dormant for over three years until Petitioner filed his second notice of post-

24  conviction relief on May 13, 2005.  (Respondents' Exh. A, at 148)

25         The nearly ten-year delay between Petitioner's direct appeal and his first post-

26  conviction proceedings, Petitioner's failure to seek appellate review of his first post-

27  conviction proceedings, and the extended period of inactivity between Petitioner's first and

28  second petitions for post-conviction relief illustrate Petitioner's lack of diligence.

1   Petitioner fails to demonstrate that he diligently pursued his rights and that an

2   "extraordinary circumstance" prevented him from filing a timely petition.  *Pace,* 544 U.S. at

3   418.  Accordingly, there is no basis for equitably tolling the AEDPA statute of limitations

4   and the Petition should be dismissed as untimely.

5   **III.  Summary**

6   Because Petitioner's habeas petition is untimely under the ADEPA and equitable

7   tolling is not justified, the Court does not address the merits of Petitioner's claims, or

8   Respondents' contention that his claims are procedurally defaulted or otherwise lack merit..

9   Accordingly,

10   **IT IS HEREBY RECOMMENDED** that Petitioner's Petition for Writ of

11   Habeas Corpus (docket # 1) be **DENIED.**

12   This recommendation is not an order that is immediately appealable to the Ninth

13   Circuit Court of Appeals.  Any notice of appeal pursuant to Rule 4(a)(1), Federal Rules of

14   Appellate Procedure, should not be filed until entry of the District Court's judgment.  The

15   parties shall have ten days from the date of service of a copy of this recommendation within

16   which to file specific written objections with the Court.  *See,* 28 U.S.C. § 636(b)(1); Rules

17   72, 6(a), 6(e), Federal Rules of Civil Procedure.  Thereafter, the parties have ten days within

18   which to file a response to the objections.  Failure timely to file objections to the Magistrate

19   Judge's Report and Recommendation may result in the acceptance of the Report and

20   Recommendation by the District Court without further review.  *See United States v. Reyna-*

21   *Tapia,* 328 F.3d 1114, 1121 (9th Cir. 2003).  Failure timely to file objections to any factual

22   determinations of the Magistrate Judge will be considered a waiver of a party's right to

23   appellate review of the findings of fact in an order or judgment entered pursuant to the

24   Magistrate Judge's recommendation. *See*, Rule 72, Federal Rules of Civil Procedure.

25   DATED this 2nd day of June, 2008.

26

27   _Lawrence O. Anderson_

28   Lawrence O. Anderson
    United States Magistrate Judge

- 12 -

1
2
3
4
5
6
7
8
9
10
11
12
13
14
15
16
17
18
19
20
21
22
23
24
25
26
27
28