**WO**

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF ARIZONA

| | |
|---|---|
| Dale Faulkner,              )<br>                                          )<br>            Petitioner,      )<br>                                          )<br>vs.                                    )<br>                                          )<br>Dora B. Schriro; et al.,   )<br>                                          )<br>            Respondents. )<br>_____) | No. CV 07-1822-PHX-JAT<br><br>**ORDER** |

Pending before this Court is Petitioner's Petition for Writ of Habeas Corpus. On June 2, 2008, the Magistrate Judge issued a Report and Recommendation (R&R) (Doc. #12) recommending that the Petition in this case be dismissed because it is barred by the statute of limitations. Petitioner has filed objections to the R&R.

This Court "may accept, reject, or modify, in whole or in part, the findings or recommendations made by the magistrate judge." 28 U.S.C. § 636(b)(1). It is "clear that the district judge must review the magistrate judge's findings and recommendations *de novo if objection is made*, but not otherwise." *United States v. Reyna-Tapia*, 328 F.3d 1114, 1121 (9th Cir. 2003) (*en banc*) (emphasis in original). Because Petitioner filed objections, the Court will review the R&R de novo.

The Court finds that the R&R correctly recounts the law governing the statute of limitations under the Anti-Terrorism and Effective Death Penalty Act (AEDPA); and neither party disputes this discussion. R&R 4-6. Thus, the Court accepts the R&R's conclusion that

1  Petitioner's statute of limitations to file a habeas petition in this case expired on April 24,
2  1997, absent some kind of tolling. R&R at 5-6. The Petition in this case was filed on
3  September 24, 2007.

4         In his objections, Petitioner argues that the Supreme Court's decision in *Blakely v.*
5  *Washington*, 542 U.S. 296 (2004) should restart his statute of limitations under 28 U.S.C. §
6  2244(d)(1)(C). The Magistrate Judge addressed this argument and concluded that because
7  *Blakely* is unavailable on collateral review, it did not restart the statute of limitations. R&R
8  at 6-7. Similarly, this Court recently addressed this same question in another case and
9  concluded that because *Blakely* is not available to habeas petitioners, it did not restart the
10 statute of limitations under 28 U.S.C. § 2244(d)(1)(C). *See Souliere v. Edwards*, 2008 WL
11 2797017, *2-3 (D. Ariz. 2008). Accordingly, Petitioner's objections are overruled and the
12 Court accepts the conclusion of the R&R that the statute of limitations was not restarted by
13 *Blakely*.

14        Further, the Court agrees with the R&R that statutory tolling would not make the
15 Petition in this case timely. Between the enactment of the AEDPA (April 24, 1996) and
16 January 2, 2002, Petitioner did not have anything pending in state court that would toll his
17 statute of limitations. Accordingly, his statute of limitations expired on April 24, 1997 and
18 it could not be restarted by the filing of a petition in state court in 2002. *See* R&R at 7-8.

19        While the Court agrees with the conclusion that Petitioner is not entitled to statutory
20 tolling, the Court notes that the R&R relies on *Nino v. Galaza*, 183 F.3d 1003, 1006 (9th Cir.
21 1999), for the conclusion that the time between the issuance of the mandate on Petitioner's
22 direct appeal (March 23, 1992) and the filing of Petitioner's first post-conviction relief
23 petition (January 2, 2002) is not tolled. However, under *Summers v. Schriro*, 481 F.3d 710,
24 (9th Cir. 2007) the Court of Appeals has concluded that under Arizona law, for a pleading
25 defendant, the first post-conviction relief petition is part of direct review. This Court has
26 previously addressed the question of whether a petitioner whose conviction became final
27 before September 30, 1992, the enactment date of the current version of Arizona Rule of
28

- 2 -

1   Criminal Procedure 32, falls under *Summers*. And this Court has concluded that *Summers*

2   would not apply to cases such as this one. Specifically, this Court found:

> In *Summers*, the Court held that, for a defendant who pled guilty, the first Rule 32 petition "of-right" is part of the "direct review" of the defendant's case; therefore, the Anti-Terrorism and Effective Death Penalty Act statute of limitations does not begin to run until the first Rule 32 petition is completed before the state courts. *Id.* at *7.
>
> The Ninth Circuit Court of Appeals held that the Rule 32 of-right was part of "direct review" based on the "direct review" language of the Anti-Terrorism and Effective Death Penalty Act. *See Summers*, 2007 WL at *7 (citing 28 U.S.C. § 2244(d)(1)(A)). The Ninth Circuit Court of Appeals based this conclusion, in part, on the language from *Montgomery v. Sheldon*, 889 P.2d 614 (Ariz. 1995); specifically the Ninth Circuit Court of Appeal[s] found, "the Arizona Supreme Court recognized that a Rule 32 of-right proceeding is 'procedurally distinct' from a conventional direct appeal, but it observed that as 'the only means available for exercising the constitutional right to appellate review' the proceeding is 'analogous to a direct appeal for a pleading defendant.'" *Id.* at *6.
>
> The Ninth Circuit Court of Appeals reached this conclusion without discussing that, after *Montgomery v. Sheldon*, in answering a certified question of the Ninth Circuit Court of Appeals, the Arizona Supreme Court held, "We also hold that a Rule 32 petition for post-conviction relief in the trial court is not an 'appeal' within the meaning of Rule 32.1(f), Ariz. R. Crim. P." *Moreno v. Gonzalez*, 962 P.2d 205, 208 ¶ 18 (Ariz. 1998). However, perhaps this lack of discussion is because in *Moreno*, the Arizona Supreme Court was discussing a post-conviction relief petition for a defendant who, like Petitioner in this case, had a direct appeal before the changes to the Arizona Rules.
>
> Specifically, before September 30, 1992 (the effective date of the amendments to Rule 32, ...), a pleading defendant could file a direct appeal (as Petitioner in this case did in August of 1992). *See Montgomery v. Sheldon*, 889 P.2d 614, n.3 (Ariz. 1995) *supplemented by* 893 P.2d 1281 (in banc) *superceded in part by statute*, *Arizona v. Smith*, 910 P.2d 1, 4-5 (Ariz. 1996). After the amendments to the Rules, a pleading defendant did not have the right to a direct appeal. *See Summers*, 2007 WL at *5 ("In 1992, Arizona Rule of Criminal Procedure 17.1(e) was amended to read: 'By pleading guilty or no contest in a noncapital case, a defendant waives the right to have the appellate courts review the proceedings by way of direct appeal, and may seek review only by filing a petition for post-conviction relief pursuant to Rule 32, and if denied, a petition for review.' Ariz. R. Crim. P. 17.1(e). Rule 32 was amended at the same time to add of-right review proceedings.")
>
> Based on the distinction between this case and *Summers*, namely that Petitioner in this case had a direct appeal, this Court finds that Petitioner's post-conviction relief petition filed in 2004 was not "of-right." As a result, Petitioner in this case falls under the *Moreno* analysis that his post-conviction relief petition was not an appeal, and, accordingly, was not part of "direct review" under the Anti-Terrorism and Effective Death Penalty Act. Therefore, Petitioner's 2004 post-conviction relief petition is not part of direct review that

> would cause the federal habeas statute of limitation[s] to not begin to run until the conclusion of the post-conviction relief process.[1]

*Dandridge v. Schriro*, 2007 WL 1063358, *2-3 (D. Ariz. 2007) (footnote in original).

Similarly, in this case, Petitioner had a direct appeal because he was convicted before September 30, 1992. Therefore, his first post conviction relief petition will not be treated as his direct appeal under *Summers*. As a result, the Petition in this case is barred by the statute of limitations unless Petitioner is entitled to equitable tolling.

Preliminarily the Court acknowledges that the Respondents argue that the Supreme Court's decision in *Bowles v. Russell*, 127 S.Ct. 2360 (2007), stands for the proposition that the AEDPA statute of limitations is jurisdictional and, therefore, not subject to equitable tolling. R&R at 8. This Court has considered this question, and has held that equitable tolling remains available after *Bowles*. *See e.g. Hunt v. Schriro*, 2008 WL 3843659, *1-2 (D. Ariz. 2008). However, the Court agrees with the R&R's conclusion that Petitioner has no shown a basis for equitable tolling. R&R at 9-12. Further, Petitioner offers not basis for equitable tolling in his objections that changes this conclusion. Therefore, this Court concludes that Petitioner is not entitled to equitable tolling of the statute of limitations.

Based on the foregoing, the Court finds that the statute of limitations in this case expired on April 24, 1997 and the Petition filed on September 24, 2007 is untimely.

/ / /
/ / /
/ / /
/ / /
/ / /

---

[1] This conclusion is further supported by the Court's statement in *Summers* that, "Moreover, because the Rule 32 of-right proceeding is governed by short, definite deadlines, there is little danger that recognizing it as a form of direct review will 'open the door to abusive delay.' *Pace v. DiGuglielmo*, 544 U.S. 408, 413 (2005)." This statement shows that the *Summers* court did not intend to include post-conviction relief petitions that are not subject to short, definite deadlines under the amended version of Rule 32 in the "direct review" category.

- 4 -

1    Accordingly, IT IS ORDERED that the R&R (Doc. #12) which concludes that the
2 Petition is barred by the statute of limitations is accepted as indicated above; Petitioner's
3 objections are overruled, the Petition in this case is denied and dismissed with prejudice and
4 the Clerk of the Court shall enter judgment accordingly.

5    DATED this 3rd day of September, 2008.

*James A. Teilborg*
United States District Judge